UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY PAGE,<br><br>   Plaintiff,<br><br>v.<br><br>HELVEY & ASSOCIATES, INC.<br><br>   Defendant. | CASE NO.: 3:19-cv-00016<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Terry Page, for his complaint against Helvey & Associates, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4.  Plaintiff, Terry Page ("Mr. Page"), is a natural person residing in South Bend, Indiana, which lies within the Northern District of Indiana.

5.  Mr. Page is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6.  Mr. Page is a "debtor" as defined by 11 U.S.C §101(13) of the Bankruptcy Code.

7.  Defendant, Helvey & Associates, Inc., is an Indiana corporation that is in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mail and or/telephone to collect, or attempt to collect, delinquent consumer accounts.

8.  In its communication to consumers, Defendant identifies itself as a "debt collector."

9.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agent, employees, officers, members, directors, heirs, successors assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

12. Mr. Page obtained a copy of his credit report and noticed an entry bearing Defendant's name collecting for *South Bend Medical Foundation* for $115.00 on his credit report dated November 28, 2018. Relevant pages from Mr. Page's Experian credit report, dated November 28, 2018, are attached to this complaint as Exhibit A.

13. Confused by this inquiry, on or around November 28, 2018, Mr. Page logged onto Defendant's website (http://www.hlv.com/) to obtain more information about the debt that was in collections. Mr. Page was provided an account information page which identifies the account as in collection, along with five (5) more accounts (the "Account Information Page"). The Account Information Page, accessed on November 28, 2018, is attached to this complaint as Exhibit B.

14. On the Account Information Page, Defendant listed six (6) delinquent accounts allegedly belonging to Mr. Page totaling $3,387.05 (the "Subject Debt"). *See* Exhibit B.

15. On the Account Information Page, a "$7.00" processing fee is assessed upon payment (the "Processing Fee"). *See* Exhibit B.

## DAMAGES

16. Mr. Page was misled by Defendant's collections actions.

17. Mr. Page justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

18. Due to Defendant's conduct, Mr. Page was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

19. After a reasonable time to conduct discovery, Mr. Page believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

20. Due to Defendant's conduct, Mr. Page is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. All prior paragraphs are incorporated into this count by reference.

22. The FDCPA states that:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: The false representation of the character, amount, or legal status of any debt." 15 U.S.C. §§1692e and e(2)(A)

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§1692f and f(1)

23. Defendant violated 15 U.S.C. §§ 1692e and e(2)(A) on the Account Information Page by charging a Processing Fee. By assessing a Processing Fee to accept payment, Defendant intended to mislead Plaintiff as to the nature of the Subject Debt and collect an additional amount not permitted by an existing contract between the parties nor permissible as a matter of law.

24. As an experienced and sophisticated debt collector, Defendant is under an affirmative duty not to engage in false or misleading communications with consumers. Defendant breached this duty by presenting Plaintiff with conflicting information regarding the account balance as well as a Processing Fee in addition to the balance.

25. Defendant violated 15 U.S.C. §§1692f and f(1) in its collection activity towards Plaintiff. By assessing a Processing Fee of $7.00 on a total principal balance of $3,387.05, it attempted to collect an excessive fee that it was not entitled to by contract or statute.

26. As plead in paragraphs 16 through 20, Plaintiff was harmed by Defendant's unlawful collection actions.

## COUNT II
## VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

27. All prior paragraphs are incorporated into this count by reference.

28. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."
> I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)."
> I.C. 24-5-0.5-3(b)(20).

29. Defendant violated I.C. 24-5-0.5-3(a) and (b)(20) on the Account Information Page by charging a Processing Fee to accept payment. *See* Exhibit B. By assessing the Processing Fee to receive payment, Defendant's intent was to mislead Plaintiff as to the nature of the Subject Debt and to collect a fee that has not been permitted by a contract or by law.

30. As an experience and sophisticated debt collector, Defendant has an affirmative duty to not engage in false or misleading communications with consumers. Defendant has breached this duty by presenting Plaintiff with conflicting information regarding the account balance and a Processing Fee in addition to the balance, making unclear the amount that is actually owed to Defendant. *See* Exhibit B.

31. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff by charging an excessive Processing Fee to Plaintiff with whom there was no contractual relationship, in doing so Defendant violated the IDCSA.

32. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the debts above and beyond the amount of the Subject Debt.

33. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

34. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."
> I.C. 24-5-0.5-4(a)(1)(2).

35. As pled in paragraphs 16 through 20, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Terry Page, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

    d)    Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. 24-5-0.5-4(a); and

    e)    Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 10th day of January, 2019.    Respectfully Submitted,

*/s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain, Esq. #66305
Counsel for Plaintiff
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

    */s/ Kristen C. Wasieleski*
    Kristen C. Wasieleski #6303018
    CONSUMER LAW PARTNERS, LLC